# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ANN RUBIO,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, et al.

    Defendants.

Case No.: 3:10CV464

## ANSWER

Defendants MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC, by counsel, answer the Complaint filed herein against them as follows, in accordance with the numbered paragraphs of such Complaint:

### First Defense

The Complaint fails to state claims against the defendants upon which relief may be granted.

### Second Defense

Responding *seriatim*, to the numbered paragraphs of the Complaint, the defendants:

1. State that the allegations of this paragraph are purely conclusory verbiage requiring no response by the defendants, but the defendants deny this is a proper class action and deny plaintiff is entitled to the relief requested.

#### Jurisdiction

2. Deny conduct violative of the statute referenced in paragraph 2, but do not contest this Court's subject matter jurisdiction.

190344.1

## Parties

3. Deny information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 3.

4. Admit that Midland Credit Management, Inc. is a foreign corporation with its principal place of business in San Diego, but deny having any physical presence in Virginia and deny that its principal business purpose is collecting debts.

5. Admit that Midland Funding, LLC is a foreign corporation with its principal place of business in San Diego, but deny the balance of the allegations contained in paragraph 5.

## Statement of Facts

6. Deny information or knowledge sufficient to form a belief as to the truth of the allegation contained in paragraph 6.

7. Admit that Midland Funding, LLC purchased the debt from Chase, but deny information or knowledge sufficient to respond to the remaining allegations as phrased.

8. Deny the allegations contained in paragraph 8.

9. Admit the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Admit that Midland Credit Management, Inc. engaged counsel to initiate legal action on the account, but, except as thus admitted, deny the balance of the allegations contained in paragraph 11.

12. Admit that Midland Credit Management, Inc. through its engaged counsel initiated suit in an appropriate Virginia General District Court on behalf of Midland Funding, LLC, but, except as thus admitted, deny the balance of the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

190344.1

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Admit the existence of a "Form 400," as referenced in paragraph 20, which speaks for itself rather than the characterizations made in this paragraph, which are denied.

21. Admit the existence of a "Form 400," as referenced in paragraph 21, which speaks for itself rather than the characterizations made in this paragraph, which are denied.

22. Deny the allegations contained in paragraph 22.

23. "Form 400," as referenced in paragraph 23, speaks for itself, rather than the characterizations made in this paragraph, which are denied. Defendants deny the remaining allegations contained in this paragraph.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

<u>Count I: Violation of 15 USC § 1692e</u>

31. Adopt and incorporate by reference the prior responses to the republished allegations contained in paragraph 31 as if fully set out.

32. Deny the allegations contained in paragraph 32.

33. State that the nature of the plaintiff's Complaint described in paragraph 33 will speak for itself, rather than the characterizations made in such paragraph. These defendants deny that this matter is a class action as defined under Rule 23 of the Federal Rules of Civil Procedure and that the class referred to is a proper or meaningful class under such rule.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

<u>Count Two: Violation of 15 USC § 1692f</u>

42. Adopt and incorporate by reference the prior responses to the republished allegations contained in paragraph 42 as if fully set out.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

### Third Defense

The losses, injuries, and damages, if any, alleged to have been incurred by the plaintiff were caused or contributed to by persons, entities, conditions, or events unrelated to, or not under the control of, the defendants for which the defendants cannot be held legally responsible.

### Fourth Defense

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by any acts and/or omissions of defendants.

### Fifth Defense

Defendants deny the FDCPA covers this claim.

### Sixth Defense

Defendants deny any violation of the FDCPA.

### Seventh Defense

The Complaint fails to state proper claims for equitable relief against the defendants.

### Eighth Defense

Defendants deny that this matter qualifies as a class action.

### Ninth Defense

The circumstances of plaintiff's individual account, and her acknowledgment and payment of the account by settlement of the legal action with defendants render her a singularly inappropriate class representative, were there to be any recognizable class as described in the Complaint.

### Tenth Defense

Defendants will or may rely upon such additional defenses as may be shown by the evidence and any discovery herein of which it is currently unaware, subject to their right to amend this Answer upon appropriate motion should such facts and circumstances arise.

WHEREFORE, having fully answered, defendants MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC by counsel, move this Honorable Court to dismiss the Complaint with prejudice and for other relief as the Court may deem just and appropriate.

Respectfully submitted,

 /s/ Thomas L. Appler
Thomas L. Appler (VSB #06346)
Kathryn A. Grace (VSB #71213)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive - Suite 510
McLean, Virginia 22102
(703) 245-9300
(703) 245-9301 (Fax)
Thomas.Appler@wilsonelser.com
Kathryn.Grace@wilsonelser.com
*Counsel for defendants Midland Funding LLC and Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of August, 2010, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

>Matthew J. Erausquin (VSB # 65434)
>Consumer Litigation Associates, PC
>1800 Diagonal Road, Suite 600
>Alexandria, Virginia 22314
>703-273-7770
>888-892-3512 (fax)
>matt@clalegal.com
>*Counsel for Plaintiff*

>　/s/ Thomas L. Appler
>Thomas L. Appler (VSB #06346)
>Kathryn A. Grace (VSB #71213)
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER LLP
>8444 Westpark Drive - Suite 510
>McLean, Virginia 22102
>(703) 245-9300
>(703) 245-9301 (Fax)
>Thomas.Appler@wilsonelser.com
>Kathryn.Grace@wilsonelser.com
>*Counsel for defendants Midland Funding LLC and Midland Credit Management, Inc.*

190344.1